**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEITH S. JOHNSON<br>2301 N. Myrtlewood St.<br>Philadelphia, PA 19132 | : <br> : <br> : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.:_____ |
| | : | |
| v. | : | |
| | : | |
| NORTHEAST PHILLY SKATING, LLC | : | **JURY TRIAL DEMANDED** |
| d/b/a PHILLY SKATEPLEX | : | |
| 11586  Roosevelt Blvd. | : | |
| Philadelphia, PA 19116 | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Keith S. Johnson (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      Plaintiff has initiated this action to redress violations by Northeast Philly Skating, LLC d/b/a Philly Skateplex (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").   As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

6.      Plaintiff has properly exhausted his administrative remedies regarding his PHRA and PFPO claims by dual-filing his Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and by waiting at least one year since the filing before asserting his PHRA and PFPO claims.

**PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant Northeast Philly Skating, LLC d/b/a Philly Skateplex operates in the recreational roller rink industry, with one such roller rink located at the above-captioned address

10. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a black (African American) male.

13. Plaintiff was employed by Defendant as a Floor Guard, from on or about September 1, 2024, until his unlawful termination (discussed further *infra*) on or about September 27, 2024.

14. Plaintiff was primarily supervised by General Manager, Marian Rachel Dangler (Caucasian, hereinafter "Dangler"),

15. During Plaintiff's tenure with Defendant, he performed his job well; however, upon his observations and belief, Defendant's work environment has been disparate and unfairly harsh toward black employees.

16. Defendant's Caucasian and/or non-black management and employees clearly favored Caucasian employees, while black employees were treated disparately and less fairly.

3

17. For example, Plaintiff was issued written discipline for purportedly skating backwards on the rink while on the clock; however, Caucasian employees (including members of management) repeatedly skated backwards on the clock all the time without repercussion.

18. Additionally, on or about September 26, 2024, while Plaintiff was working, another Senior Associate, Antonio Rosario (Hispanic, hereinafter "Rosario") came up to Plaintiff yelling, racial slurs, including "Nigger you don't never do your fucking job."

19. Rosario then walked away yelling and continuing to call Plaintiff "nigger," while stating "I will fuck you up" and "I don't need this job."

20. Plaintiff repeatedly told Rosario to stop calling him racial slurs, which he found to be offensive and discriminatory, but Rosario continued.

21. There were at least two other managers who witnessed Rosario's discriminatory and offensive comments/conduct, including Dangler and Wolny (African American, last name unknown, hereinafter "Wolny"); however, they failed to intervene or ask Rosario to stop.

22. After both Plaintiff and Rosario were separated by Manager, Andrew Rothman (Caucasian, hereinafter "Rothman"), Plaintiff immediately left the area to cool off, after which he reported Rosario's racially discriminatory and offensive conduct to Human Resources ("HR") personnel, Marci Meshulam (Caucasian, hereinafter "Meshulan").

23. Plaintiff then returned to the floor to continue performing his job duties, and he was permitted to finish out the night.

24. However, instead of removing Rosario from the facility or advising him to avoid contact with Plaintiff, Rosario was permitted to keep working.

25. Bizarrely enough, after repeatedly calling Plaintiff the aforementioned racial slur, Rosario left the facility to go to his car and returned to the skating rink wearing a ski mask and

continued to taunt Plaintiff by skating around him in the ski mask, while Plaintiff was attempting to work.

26.    Despite that Defendant has a policy prohibiting ski masks of any kind in the skating rink, not one member of management asked Rosario to stop what he was doing, remove the mask, or leave the facility.

27.    Instead, he was permitted to violate Defendant's policies without repercussion, while wearing what Plaintiff believed to be an offensive mask – a clear reference to Black individuals as robbers or thugs.

28.    Plaintiff was then terminated by Meshulan the following day, September 27, 2024, and informed that he was no longer permitted on the premises to skate as well.

29.    When Plaintiff asked Meshulan how he was being terminated when he had been called a racial slur by a manager and reported the same, Meshulan responded by just repeating that he was terminated and no longer welcome on the premises.

30.    Thus, Plaintiff believes and therefore avers that he was subjected to discrimination, retaliation, a hostile work environment, and ultimately terminated because of his race and his objections to/complaints of race discrimination.

31.    Plaintiff also believes and therefore avers that his race and his complaints of/objections to race discrimination were motivating and/or determinative factors in the termination of his employment by Defendant.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

32.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.     During Plaintiff's employment with Defendant, he was subjected to discrimination, retaliation, pretextual discipline. and a hostile work environment through disparate treatment as outlined *supra* because of his race.

34.     Plaintiff objected to/complained of the aforementioned instances of race discrimination and disparate treatment by Defendant's management, but his concerns were ignored.

35.     Plaintiff was then terminated for completely pretextual reasons on or about September 27, 2024.

36.     Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, retaliation, and ultimately terminated because of his race and his objections to/complaints of race discrimination.

37.     Plaintiff also believes and therefore avers that his race was a motivating and/or determinative factor in the termination of his employment from Defendant.

38.     These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII..

**COUNT II**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Plaintiff properly exhausted his administrative remedies regarding his PHRA claims because he timely filed a charge of discrimination with the PHRC (by dual-filing his claims with the EEOC) and the charge has been pending for at least one year.

41.     The aforesaid allegations also constitute violations of the PHRA. Thus, Plaintiff's

6

PHRA claims mirror the claims set forth in Count I.

## COUNT III
### Violations of the Philadelphia Fair Practices Ordinance ("PFPO")
([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.     Plaintiff properly exhausted his administrative remedies regarding his PFPO claims because he timely filed a charge of discrimination with the PHRC, and the charge has been pending for at least one year. *See e.g. Vandegrift v. City of Phila.*, 228 F. Supp. 3d 464, 482-83 (E.D. Pa. 2017) (dual-filing of charges of discrimination with the EEOC and the Pennsylvania Human Relations Commission satisfied the Philadelphia Ordinance exhaustion requirement).

44.     The aforesaid allegations also constitute violations of the PFPO. Thus, Plaintiff's PFPO claims mirror the claims set forth in Count I.

## COUNT IV
### Violations of 42 U.S.C. Section 1981
([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

45.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46.     During Plaintiff's employment with Defendant, he was subjected to discrimination, retaliation, pretextual discipline. and a hostile work environment through disparate treatment as outlined *supra* because of his race.

47.     Plaintiff objected to/complained of the aforementioned instances of race discrimination and disparate treatment by Defendant's management, but his concerns were ignored.

7

48.    Plaintiff was then terminated for completely pretextual reasons on or about September 27, 2024.

49.    Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, retaliation, and ultimately terminated because of his race and his objections to/complaints of race discrimination.

50.    Plaintiff also believes and therefore avers that but for his race and his objections to/complaint of race discrimination, he would not have been terminated from his employment by Defendant.

51.    These actions as aforesaid constitute violations of Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

8

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: July 28, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Keith S. Johnson            :      **CIVIL ACTION**

       v.              :

Northeast Philly Skating, LLC d/b/a Philly Skateplex     **NO.**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| 7/29/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?          Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?          Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.          Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOHNSON, KEITH S. | NORTHEAST PHILLY SKATING, LLC D/B/A PHILLY SKATEPLEX |

| (b) County of Residence of First Listed Plaintiff  Philadelphia | County of Residence of First Listed Defendant  Philadelphia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981, PHRA and PFPO..

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE  7/29/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____